[979 NYS2d 97]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HAMILTON, Appellant.

Second Department, January 15, 2014

## APPEARANCES OF COUNSEL

*Jonathan I. Edelstein*, New York City (*Robert Grossman* of counsel), for appellant.

*Kenneth P. Thompson, District Attorney*, Brooklyn (*Leonard Joblove* and *Joyce Slevin* of counsel), for respondent.

## OPINION OF THE COURT

HINDS-RADIX, J.

The primary issue on this appeal, and an issue of first impression for an appellate court in this state, is whether a defendant's claim of actual innocence may be recognized as a ground to vacate a judgment of conviction pursuant to CPL 440.10 (1) (h), which authorizes a court to vacate a judgment which was obtained in violation of an accused's constitutional rights. For the reasons which follow, we hold that a "freestanding" claim of actual innocence is cognizable in New York, and that a defendant who establishes his or her actual innocence by clear and convincing evidence is entitled to relief under the statute.

By judgment rendered July 12, 1993, the defendant was convicted of murder in the second degree, upon a jury verdict (*see People v Hamilton*, 272 AD2d 553 [2000]), stemming from the shooting of Nathaniel Cash in Brooklyn on January 4, 1991, at around 11:00 a.m. (*see Hamilton v Herbert*, 2004 WL 86413, 2004 US Dist LEXIS 590 [ED NY, Jan. 16, 2004, No. 01 CV 1703(JG)]). The defendant's conviction was based upon the trial testimony of the victim's girlfriend, Jewel Smith (*see id.*). At trial, the defendant had intended to present an alibi defense that he was in New Haven, Connecticut, at the time of the crime, and submitted a notice of alibi (*see* CPL 250.20), naming Kim Freeman and Alphonso Dixon as alibi witnesses. He was unable to present such a defense, however, because Dixon claimed to be too ill to appear at trial,[1] and Kim Freeman claimed to be too frightened to appear (*see People v Hamilton*, 272 AD2d at 554).

Prior to sentencing, the defendant moved to set aside the verdict against him pursuant to CPL 330.30 based, inter alia,

---

1. Alphonso Dixon died in 2003.

upon Smith's recantation of her trial testimony, the discovery of exculpatory evidence that Smith told police shortly after the crime that she did not witness the crime, and the discovery of a new defense witness who claimed that she was with Smith inside a supermarket at the time of the crime. At a hearing, Smith claimed that she testified falsely against the defendant because the police threatened her with criminal prosecution and the removal of her children from her custody. Her testimony was refuted by the testimony of the prosecutor and the detectives handling the case, including Detective Louis Scarcella, who claimed that Smith was not threatened, and that her recantation was based upon her fear of the defendant. The trial court found that Smith's recantation was unreliable, and denied the defendant's motion (*see Hamilton v Herbert*, 2004 WL 86413, 2004 US Dist LEXIS 590).

In 1994, after the defendant was sentenced, he made his first of several motions pursuant to CPL 440.10 to vacate the judgment of conviction. This motion was based, inter alia, on the testimony of a purportedly newly discovered eyewitness who claimed that the defendant did not commit the crime. During a hearing on the motion, the defendant sought to expand the scope of the hearing to include the testimony of two allegedly newly discovered alibi witnesses who did not testify at trial and were not mentioned in the pretrial notice of alibi. Those witnesses—Kelly Turner (a New Haven Police Officer) and Davette Mahan—allegedly were unavailable at the time of the trial because they could not be located. Turner claimed she met the defendant at a party in New Haven on January 3, 1991, and then picked him up at his hotel at around 11:00 a.m. the next day, just at the time the crime was committed in Brooklyn, to drive him to her office, where she and the defendant discussed, until around noon, employing the defendant in her talent agency. Mahan, in her affidavit, claimed she was an employee of the talent agency, and that she saw the defendant at the party and at the meeting the next morning at the talent agency. The Supreme Court denied the defendant's application to expand the scope of the hearing to include testimony from Turner and Mahan.

By order dated April 2, 1996, the Supreme Court denied the defendant's motion to vacate his judgment of conviction, concluding that the testimony of the purported eyewitness that someone other than the defendant committed the crime was not credible. The court also explained that its ruling denying the

defendant's application to expand the scope of the hearing had been based on two grounds. First, Turner and Mahan had not been included on the defendant's alibi witness list at trial. Second, the affidavits of these witnesses, and their proposed testimony, did not constitute newly discovered evidence because the defendant had failed to establish that they could not have been located in time to testify at trial with the exercise of due diligence.

The appeal from that order was consolidated with the defendant's direct appeal from the judgment of conviction. On appeal, this Court ruled that defense counsel was not ineffective for failing to call the alibi witnesses Alphonso Dixon and Kim Freeman (*see People v Hamilton*, 272 AD2d 553 [2000]). The denial of the application to expand the scope of the hearing to include the testimony of the alibi witnesses Turner and Mahan was not raised on the appeals to this Court.

The defendant made additional motions pursuant to CPL 440.10, alleging, inter alia, that a witness told the police prior to trial that someone known as "Money Will" murdered Nathaniel Cash. Those motions were denied.

In April 2005, the defendant again moved pursuant to CPL 440.10 to vacate the judgment of conviction, raising a claim of actual innocence based upon evidence adduced at prior proceedings. That motion was denied on the ground that his demands for relief were rejected in the prior proceedings.

By notice of motion dated July 7, 2009, the defendant moved yet again to vacate the judgment of conviction pursuant to CPL 440.10, for habeas corpus relief pursuant to the CPLR, and for relief pursuant to the United States Constitution and the New York Constitution, claiming that evidence of his alibi established his actual innocence. The People opposed, arguing, among other things, that, to the extent the defendant was seeking reargument or renewal of prior motions, such claims should be denied. In reply, the defendant claimed that he was entitled to an evidentiary hearing on the previously rejected testimony of Turner and Mahan, because they could attest to his actual innocence and had never been permitted to testify before the court.

The defendant also submitted the affidavit of Mattie Dixon, widow of Alphonso Dixon, and Tashameaka Watson, daughter of Alphonso Dixon. According to Mattie Dixon, her husband gave a party at the Quality Inn in New Haven on January 3, 1991, for Lee Marvin, who was turning himself in the next day on drug charges. The defendant attended the party with Kim Freeman.

Watson also attended the party, which ended around midnight. The next day, Mattie Dixon accompanied Kim Freeman to Turner's talent agency to pick up the defendant, they drove to Lee Marvin's home to say goodbye, and then they drove to the Dixons' home on Fairfield Street in New Haven. They arrived at the Dixons' home around 12:30 p.m., and Watson borrowed the defendant's telephone to make a telephone call. Around 1:00 p.m., the defendant and Freeman left the Dixons' home with Alphonso Dixon. Thereafter, prior to the defendant's trial, Detective Billy White, from the New Haven Police Department, threatened Alphonso Dixon with arrest if he testified as an alibi witness on behalf of the defendant.

Jonathan Edelstein, who became the defendant's attorney, filed an affirmation on the defendant's behalf, noting that both Turner and Mahan had sworn that the defendant was in New Haven at the time of the murder, but the trial court summarily rejected their testimony because neither Turner nor Mahan were listed on the pretrial alibi notice. Edelstein claimed that, by summarily dismissing such compelling evidence of actual innocence, the court violated the defendant's right to due process of law, citing *In Re Davis* (557 US 952 [2009]). Edelstein argued that there was good cause to overcome any procedural bars advocated by the People and that all of the evidence, old and new, should be examined in deciding the defendant's actual innocence claim. He argued that the court should consider, sua sponte, whether trial counsel was ineffective for not including Turner and Mahan in the pretrial alibi notice.

In a supplemental affirmation in opposition, the People argued that the defendant's claims were, for the most part, procedurally barred and, in any event, meritless. The People noted that the court previously determined that the Turner and Mahan affidavits were not newly discovered evidence within the meaning of CPL 440.10 (1) (g), and the ineffective assistance of counsel claim also was procedurally barred, as the defendant could have raised it in one of his previous motions to vacate the judgment of conviction, but failed to do so. As for the actual innocence claim, the People noted that the question of whether such a claim was cognizable under federal or state law had "yet to be decided." However, the People acknowledged that if the defendant could prove his actual innocence by clear and convincing evidence, his continued incarceration would be "fundamentally unfair," in violation of the New York Constitution.

In a reply affirmation, Edelstein argued that "[a] freestanding actual innocence claim exists separate and apart from

a claim of newly discovered evidence and need not meet the technical and procedural requirements thereof, and requires an examination of all the evidence, both old and new." However, Edelstein argued that, in determining a claim of actual innocence, the standard of proof applicable to motions to vacate a judgment of conviction pursuant to CPL 440.10—proof by a preponderance of the evidence—should be applied (*see* CPL 440.30 [6]).

In a surreply, the People argued that the "actual innocence claim falls within the rubric" of section 440.10 (1) (h), in that "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States," which meant that the claim was subject to the procedural bars of CPL 440.10 (3).

In the order appealed from, dated July 11, 2011, the Supreme Court denied the defendant's motion, citing, inter alia, the numerous prior proceedings. With respect to the alibi evidence, the court noted that the Turner and Mahan affidavits had been offered before on a prior motion to vacate the judgment pursuant to CPL 440.10, the court had ruled that this evidence did not constitute "newly discovered evidence," and the defendant did not raise any issue regarding this evidence on his appeal from the denial of the motion. The court mentioned the affidavit of Mattie Dixon in support of the defendant's alibi, but concluded there was no basis for renewal. The court rejected the defendant's claim of actual innocence, on the grounds that that claim was previously rejected in a postconviction motion, the court could not overturn a determination of a court of coordinate jurisdiction, and the court could not overturn a determination of this Court. The court rejected the defendant's claim of ineffective assistance of counsel, inter alia, on the ground that it could have been raised on direct appeal or in a prior motion to vacate the judgment of conviction pursuant to CPL 440.10 (*see* CPL 440.10 [3]).

On December 7, 2011, the defendant was released from custody to parole supervision. On appeal, the defendant's primary contention is that a freestanding claim of actual innocence is cognizable in New York, and that he is entitled to at least a hearing to determine whether the proposed alibi evidence demonstrates that he is actually innocent. The defendant also continues to maintain that his trial counsel was ineffective for failing to include Kelly Turner and Davette Mahan in his pretrial alibi notice. In addition, he contends, for the first time on

appeal, that the affidavits from Mattie Dixon and Tashameaka Watson constitute newly discovered evidence.

The defendant's contention that the Dixon and Watson affidavits constitute newly discovered evidence requires only brief discussion. A defendant moving to vacate a judgment of conviction under CPL 440.10 (1) (g) based upon newly discovered evidence has the burden of proving every essential fact by a preponderance of the evidence (see CPL 440.30 [6]; *People v Tankleff*, 49 AD3d 160, 179-180 [2007]). The new evidence may only be considered if it satisfies the six criteria set forth in *People v Salemi* (309 NY 208, 216 [1955], *cert denied* 350 US 950 [1956]), i.e., (1) it must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not have been discovered before trial by the exercise of due diligence, (4) it must be material to the issue, (5) it must not be cumulative, and (6) it must not be merely impeaching or contradictory to the former evidence (see *People v Marino*, 99 AD3d 726, 730 [2012]; *People v Tankleff*, 49 AD3d at 179).

▄ Although the Dixon and Watson affidavits were received by the Supreme Court while the defendant's motion to vacate his judgment of conviction was pending, he never raised the issue of whether those affidavits constituted newly discovered evidence. Therefore, that contention is not properly before this Court (see *People v Jenkins*, 84 AD3d 1403, 1409 [2011]). In any event, it appears that these witnesses, who were the wife and daughter of Alphonso Dixon, who was named in the alibi notice, could have been discovered with due diligence. Thus, the affidavits of Dixon and Watson do not satisfy the *Salemi* criteria.

Turning now to the defendant's contention that his judgment of conviction should be vacated pursuant to CPL 440.10 on the ground of actual innocence, we begin our analysis by considering the procedural constraints that apply to such motions. CPL 440.10 provides that a court "must deny" a motion to vacate a judgment of conviction when the ground or issue raised "was previously determined on the merits upon an appeal from the judgment" or there were sufficient facts on the record which would have permitted appellate review of the issue on direct appeal but no review occurred owing to the defendant's unjustifiable failure to perfect a direct appeal or raise the issue on direct appeal (CPL 440.10 [2] [a], [c]; see *People v DiGuglielmo*, 75 AD3d 206, 211 [2010], *affd* 17 NY3d 771 [2011], *cert denied* 565 US —, 132 S Ct 558 [2011]). The defendant did not raise a claim of

actual innocence on his appeal from the judgment of conviction, and the facts underlying his current claims did not appear in the record on direct appeal. Accordingly, his claim of actual innocence is not subject to a mandatory procedural bar.

In contrast, a court "may deny" a motion to vacate a judgment of conviction where the ground or issue raised "was previously determined on the merits upon a prior motion or proceeding in a court of this state, other than an appeal from the judgment" (CPL 440.10 [3] [b]). Furthermore, a court "may deny" a motion to vacate where the defendant, upon a previous CPL 440.10 motion, "was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (CPL 440.10 [3] [c]; see People v Cochrane, 27 AD3d 659 [2006], cert denied 549 US 976 [2006]). However, "[a]lthough the court may deny the motion under any of the circumstances specified" in CPL 440.10 (3), "in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment" (CPL 440.10 [3]). Therefore, the procedural bars set forth in CPL 440.10 (3) are discretionary (see People v Graves, 62 AD3d 900 [2009]).

■ The defendant raised a claim of actual innocence in his April 2005 motion to vacate the judgment of conviction. However, since the procedural bars set forth in CPL 440.10 (3) are discretionary, there is no reason why the courts may not consider a credible claim of actual innocence in the exercise of discretion.

A claim of actual innocence may be asserted, either as a "gateway" to review of another claim which is otherwise procedurally barred, or as a "freestanding" claim justifying relief in and of itself (House v Bell, 547 US 518, 554 [2006]; see Friedman v Rehal, 618 F3d 142, 152, 158 [2d Cir 2010]). A freestanding claim of actual innocence is rooted in several different concepts, including the constitutional rights to substantive and procedural due process, and the constitutional right not to be subjected to cruel and unusual punishment (see generally Jonathan M. Kirshbaum, Actual Innocence after Friedman v. Rehal: The Second Circuit Pursues a New Mechanism for Seeking Justice in Actual Innocence Cases, 31 Pace L Rev 627, 660-661 [Spring 2011]; People v Cole, 1 Misc 3d 531, 541-542 [2003]).

The Federal courts have not resolved whether a prisoner may be entitled to habeas corpus relief based upon a freestanding claim of actual innocence (see McQuiggin v Perkins, 569 US —,

133 S Ct 1924, 1931 [2013]; *Herrera v Collins*, 506 US 390, 404-405 [1993]; John M. Leventhal, *A Survey of Federal and State Courts' Approaches to a Constitutional Right of Actual Innocence: Is There a Need for a State Constitutional Right in New York in the Aftermath of CPL § 440.10 [1] [G-1]?*, 76 Alb L Rev 1453, 1457 [2012/2013]). *In re Davis* (557 US at 952), relied upon by the defendant, stands for the proposition that a petitioner who files a petition for a writ of habeas corpus may be entitled to relief based upon "evidence that could not have been obtained at the time of trial [which] clearly establishes petitioner's innocence." The relief granted in the *Davis* case is analogous to granting a motion to set aside a judgment of conviction based upon newly discovered evidence, in that the evidence "could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]).

The United States Supreme Court has recognized that "a credible showing of actual innocence may allow a prisoner to pursue . . . constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief"—that is, actual innocence is a gateway to review of another claim which is otherwise procedurally barred (*McQuiggin v Perkins*, 569 US at —, 133 S Ct at 1931; *see Schlup v Delo*, 513 US 298, 314 [1995]; John M. Leventhal, *A Survey of Federal and State Courts' Approaches to a Constitutional Right of Actual Innocence: Is There a Need for a State Constitutional Right in New York in the Aftermath of CPL § 440.10 [1] [G-1]?*, 76 Alb L Rev 1453, 1465-1466 [2012/2013]). This rule, which is also referred to as the " 'fundamental miscarriage of justice exception, is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons' " (*McQuiggin v Perkins*, 569 US at —, 133 S Ct at 1931, quoting *Herrera v Collins*, 506 US at 404). With respect to second or successive habeas corpus petitions, or habeas corpus petitions challenging state convictions based upon issues which were not factually developed in state court, the federal statute limits the miscarriage of justice exception to cases where the petition is based upon a retroactive change of constitutional law, or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense" (28 USC § 2244 [b] [2] [B] [i], [ii]; *see* 28 USC § 2254 [e] [2]).

In order to establish actual innocence as a gateway for review of a constitutional claim, federal law concerning habeas corpus petitions requires that the habeas corpus petitioner establish that, in " 'light of the new evidence, no juror, acting reasonably, would' have voted to find him guilty beyond a reasonable doubt' " (*McQuiggin v Perkins*, 569 US at —, 133 S Ct at 1928, quoting *Schlup v Delo*, 513 US at 329). That standard sounds somewhat similar to the definition of legally insufficient evidence (*see Jackson v Virginia*, 443 US 307, 319 [1979]; *People v Santi*, 3 NY3d 234, 246 [2004]; *People v Contes*, 60 NY2d 620, 621-622 [1983]). However, the law is well settled that "actual innocence" means factual innocence, not mere legal insufficiency of evidence of guilt (*see Bousley v United States*, 523 US 614, 623-624 [1998]), and must be based upon reliable evidence which was not presented at the trial (*see Schlup v Delo*, 513 US at 324). The standard of proof generally applied is proof of actual innocence by clear and convincing evidence (*see* 28 USC §§ 2244 [b] [2]; 2254 [e] [2]; *Montoya v Ulibarri*, 142 NM 89, 98, 163 P3d 476, 485 [2007]; *State ex rel. Amrine v Roper*, 102 SW3d 541, 548 [Mo Sup Ct 2003]; *Miller v Commissioner of Corr.*, 242 Conn 745, 791-792, 700 A2d 1108, 1130-1131 [1997]). In states that have time limits for moving to set aside a judgment of conviction based upon newly discovered evidence, a claim of actual innocence is a way to avoid that procedural bar (*see People v Ortiz*, 235 Ill 2d 319, 330-332, 919 NE2d 941, 948-949 [2009]).

A number of states have recognized a freestanding claim of actual innocence, some by statute with specific limitations,[2] and some by case law with less specific limitations.[3] Illinois has recognized a freestanding claim of actual innocence based upon

---

**2.** Ariz Rules Crim Pro rule 32.1 (h); Ark Code Ann §§ 16-112-201—16-112-208; Del Code Ann, tit 11, § 4504; DC Code § 22-4135; Me Rev Stat Ann, tit 15, § 2138 (10); Md Code Ann, Crim Pro, § 8-301; Minn Stat Ann § 590.01; Ohio Rev Code Ann § 2953.21; Tenn Code Ann § 40-30-117; Va Code Ann § 19.2-327.10; Utah Code Ann § 78B-9-301.

**3.** *In re Bell*, 42 Cal 4th 630, 637, 170 P3d 153, 157 [2007]; *Miller v Commissioner of Corr.*, 242 Conn 745, 700 A2d 1108 [1997]; *People v Washington*, 171 Ill 2d 475, 665 NE2d 1330 [1996]; *Montoya v Ulibarri*, 142 NM at 100, 163 P3d at 487; *State ex rel. Amrine v Roper*, 102 SW3d at 548; *State of Montana v Beach*, 370 Mont 163, 302 P3d 47 [2013].

the principle that "no person convicted of a crime should be deprived of life or liberty given compelling evidence of actual innocence" and that doing so is in and of itself a violation of the defendant's right to due process of law under the Illinois Constitution (*People v Washington*, 171 Ill 2d at 489, 665 NE2d at 1336). The Illinois courts further provided that the evidence must be "newly discovered" in that it "was not available at defendant's original trial and that the defendant could not have discovered [it] sooner through diligence," and "of such conclusive character that it would probably change the result on retrial" (*People v Morgan*, 212 Ill 2d 148, 154, 817 NE2d 524, 527 [2004]). The standard of proof applied—that the newly discovered evidence would probably change the result on retrial—is somewhat similar to the criteria applied in New York in reviewing motions to vacate a judgment of conviction based upon newly discovered evidence (*see* CPL 440.10 [1] [g]).

Connecticut, which has based its recognition of a freestanding claim of actual innocence upon the reasoning that the writ of habeas corpus is designed to remedy fundamental miscarriages of justice (*see Summerville v Warden, State Prison*, 229 Conn 397, 422, 641 A2d 1356, 1369 [1994]), applies the more stringent standard of proof by clear and convincing evidence (*see Miller v Commissioner of Corr.*, 242 Conn at 794, 700 A2d at 1132). However, in that state, it is not clear that the claim of actual innocence must be supported by newly discovered evidence (*see Gould v Commissioner of Corr.*, 301 Conn 544, 551 n 8, 22 A3d 1196, 1200 n 8 [2011]).

New Mexico has based its recognition of a freestanding claim of actual innocence on provisions of the New Mexico Constitution, which prohibit deprivation of life or liberty without due process of law (*see* NM Const, art II, § 18), and the infliction of cruel and unusual punishment, to wit, incarceration for a crime which the prisoner did not commit (*see* NM Const, art II, § 13; *Montoya v Ulibarri*, 142 NM at 97, 163 P3d at 484, citing and relying upon the rationale of *People v Cole*, 1 Misc 3d at 541-542). In determining the standard of proof to be applied, the Supreme Court of New Mexico adopted the clear and convincing evidence standard, noting that this standard of proof was adopted in Connecticut, Missouri, and New York (*see Montoya v Ulibarri*, 142 NM at 98-99, 163 P3d at 485-486, citing *People v Cole*, 1 Misc 3d at 543).

New York is one of a minority of states which have no time limit for a motion to set aside a judgment of conviction based

upon newly discovered evidence (*see Herrera v Collins*, 506 US at 411 n 11). Therefore, a defendant does not need to pursue a claim of actual innocence upon a motion to set aside the verdict based upon newly discovered evidence "which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). However, where new evidence does not satisfy those criteria, as, for example, where the evidence could have been produced at trial with due diligence, a defendant would have to seek relief on another theory (*see People v Wheeler-Whichard*, 25 Misc 3d 690 [2009] [Sup Ct, Kings County 2009] [ineffective assistance of counsel and freestanding claim of actual innocence]). As noted in *People Bermudez* (25 Misc 3d 1226[A], 2009 NY Slip Op 52302[U], *23 [Sup Ct, NY County 2009]), where the defendant asserts a claim of actual innocence, "new evidence may be considered, whether or not it satisfies the *Salemi* factors [(*People v Salemi*, 309 NY 208 [1955], *cert denied* 350 US 950 [1956])] [and] other legal barriers, such as prior adverse court determinations, which might otherwise bar further recourse to the courts."

The question of whether New York recognizes a freestanding claim of actual innocence has not been conclusively determined (*see People v Deacon*, 96 AD3d 965 [2012]; *People v Jenkins*, 84 AD3d 1403 [2011]; *People v Tankleff*, 49 AD3d at 182). However, this Court has ruled that "[i]t is abhorrent to our sense of justice and fair play to countenance the possibility that someone innocent of a crime may be incarcerated or otherwise punished for a crime which he or she did not commit" (*People v Tankleff*, 49 AD3d at 177). Further, a freestanding claim of actual innocence has been recognized by New York courts on the trial level (*see e.g. People v Caraway*, 36 Misc 3d 1224[A], 2012 NY Slip Op 51466[U] [Sup Ct, Kings County 2012]; *People Bermudez*, 25 Misc 3d 1226[A], 2009 NY Slip Op 52302[U] [Sup Ct, NY County 2007]; *People v Bryant*, 25 Misc 3d 1206[A], 2009 NY Slip Op 51986[U] [Sup Ct, Bronx County 2009]; *People v Wheeler-Whichard*, 25 Misc 3d 690 [2009]; *People v Cole*, 1 Misc 3d 531 [2003]; *Friedman v Rehal*, 618 F3d at 159).[4]

---

4. There is legislation pending in the New York Legislature which would add a new CPL 440.10 (1) (j), authorizing the court to grant a motion to set aside a judgment of conviction on the ground that "the defendant is actually innocent of the crime or crimes of which he or she was convicted." The find-

██ The Due Process Clause in the New York State Constitution provides "greater protection than its federal counterpart as construed by the Supreme Court" (*People v LaValle*, 3 NY3d 88, 127 [2004]; *see People v Harris*, 77 NY2d 434, 439-440 [1991]). Since a person who has not committed any crime has a liberty interest in remaining free from punishment, the conviction or incarceration of a guiltless person, which deprives that person of freedom of movement and freedom from punishment and violates elementary fairness, runs afoul of the Due Process Clause of the New York Constitution (*see* NY Const, art I, § 6; *see People v Cole*, 1 Misc 3d at 541-542). Moreover, because punishing an actually innocent person is inherently disproportionate to the acts committed by that person, such punishment also violates the provision of the New York Constitution which prohibits cruel and unusual punishments (*see* NY Const, art I, § 5; *People v Cole*, 1 Misc 3d at 541-542). Thus, we conclude that a freestanding claim of actual innocence may be addressed pursuant to CPL 440.10 (1) (h), which provides for vacating a judgment which was obtained in violation of an accused's constitutional rights (*see People v Caraway*, 36 Misc 3d 1224[A], 2012 NY Slip Op 51466[U] [Sup Ct, Kings County 2012]; *People v Wheeler-Whichard*, 25 Misc 3d at 702).

Further, the fact that the defendant has been released on parole does not preclude him from asserting that his conviction was obtained in violation of his constitutional rights because he is actually innocent. In view of the defendant's release on parole, he is no longer entitled to the extraordinary writ of habeas corpus (*see e.g. People ex rel. Richardson v Boucaud*, 15 NY3d 916 [2010]; *People ex rel. Wilder v Markley*, 26 NY2d 648 [1970]). However, the restrictions imposed upon a parolee—in this case, a lifetime parolee—may constitute a sentence "so disproportionate as would constitute cruel and unusual punishment in violation of constitutional limitations" (*People v Broadie*, 37 NY2d 100, 110 [1975], *cert denied* 423 US 950 [1975]). In the case where a defendant is actually innocent, that standard is met (*see generally Weems v United States*, 217 US 349, 366 [1910]).

We next consider the appropriate burden of proof to impose upon a defendant asserting a claim of actual innocence.

---

ing of actual innocence must be based upon "clear and convincing evidence that no trier of fact would have convicted the defendant under a reasonable doubt standard and in light of all available evidence." If that standard is met, instead of granting the defendant a new trial, the court "shall dismiss the accusatory instrument" (2013 Senate-Assembly Bill S49, A3492).

CPL 440.30 (6) provides that, at a hearing on a motion to set aside a judgment of conviction pursuant to CPL 440.30 (6), the standard of proof imposed upon the defendant is proof by a preponderance of the evidence. However, with respect to a claim of actual innocence, as distinguished from a specific constitutional violation, a constitutional violation occurs only if there is clear and convincing evidence that the defendant is innocent (*see Montoya v Ulibarri*, 142 NM at 98, 163 P3d at 485; *State ex rel. Amrine v Roper*, 102 SW3d at 548; *Miller v Commissioner of Corr.*, 242 Conn at 794, 700 A2d at 1132; *People Bermudez*, 25 Misc 3d 1226[A], 2009 NY Slip Op 52302[U] [Sup Ct, NY County 2009]; *People v Wheeler-Whichard*, 25 Misc 3d at 702; *People v Cole*, 1 Misc 3d at 543). The constitutional violation on a claim of actual innocence is that the defendant is subject to a criminal conviction while he or she is in fact innocent. Mere doubt as to the defendant's guilt, or a preponderance of conflicting evidence as to the defendant's guilt, is insufficient, since a convicted defendant no longer enjoys the presumption of innocence, and in fact is presumed to be guilty (*see Schlup v Delo*, 513 US at 326 n 42; *Herrera v Collins*, 506 US at 398).

A prima facie showing of actual innocence is made out when there is " 'a sufficient showing of possible merit to warrant a fuller exploration' " by the court (*Goldblum v Klem*, 510 F3d 204, 219 [2007], *cert denied* 555 US 850 [2008], quoting *Bennett v United States*, 119 F3d 468, 469 [7th Cir 1997]). Here, the defendant has made a prima facie showing based upon evidence of a credible alibi and manipulation of the witnesses, and the fact that the witness against him has recanted (*see Goldblum v Klem*, 510 F3d at 220). Accordingly, there should be a hearing on his claim of actual innocence.

At the hearing, all reliable evidence, including evidence not admissible at trial based upon a procedural bar—such as the failure to name certain alibi witnesses in the alibi notice—should be admitted (*see People v Cole*, 1 Misc 3d at 543; *Schlup v Delo*, 513 US at 328). If the defendant establishes his actual innocence by clear and convincing evidence, the indictment should be dismissed pursuant to CPL 440.10 (4), which authorizes that disposition where appropriate. There is no need to empanel another jury to consider the defendant's guilt where the trial court has determined, after a hearing, that no juror, acting reasonably, would find the defendant guilty beyond a reasonable doubt.

The defendant's further contention that trial counsel was ineffective for failing to include Turner and Mahan in his pre-

trial alibi notice also is subject to a discretionary procedural bar. The defendant could have raised this claim in one of his numerous other CPL 440.10 motions, most notably his first motion pursuant to CPL 440.10 to vacate the judgment of conviction, which was denied by the Supreme Court in its order dated April 2, 1996. The defendant's appeal from that order was consolidated with the direct appeal from his judgment of conviction. The defendant raised the issue of ineffective assistance of counsel on appeal, but did not raise the question of counsel's failure to include Turner and Mahan in the alibi notice or as witnesses. Generally, under such circumstances, the denial of the claim would constitute a provident exercise of discretion (*see* CPL 440.10 [3] [c]; *People v Cochrane*, 27 AD3d 659 [2006]).

However, as we have noted, CPL 440.10 (3) specifically provides that "in the interest of justice and for good cause shown [the court] may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment." Under the circumstances of this case, the Supreme Court should have considered the defendant's ineffective assistance of counsel claim on the merits in the interest of justice. The failure of the defendant's trial counsel to name all the alibi witnesses in the notice of alibi could constitute ineffective assistance of counsel (*see People v Milazo*, 18 AD3d 1068, 1070 [2005]). Accordingly, at the hearing, the defendant should also be afforded an opportunity to prove, by a preponderance of the evidence (*see* CPL 440.30 [6]), that trial counsel's representation was ineffective. Although the remedy for ineffective assistance of counsel generally is to grant a new trial (*see People v Oliveras*, 21 NY3d 339 [2013]; *People v DiPippo*, 82 AD3d 786 [2011]), if the defendant prevails on his claim of actual innocence, a new trial would not be necessary.

Accordingly, the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying, without a hearing, those branches of the defendant's motion pursuant to CPL 440.10 (1) (h) which were to vacate the judgment rendered July 12, 1993, based upon actual innocence and ineffective assistance of counsel; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith and, thereafter, a new determination on those branches of the motion, to be conducted with all convenient speed.

DILLON, J.P., LEVENTHAL and AUSTIN, JJ., concur.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying, without a hearing, those branches of the defendant's motion pursuant to CPL 440.10 (1) (h) which were to vacate the judgment rendered July 12, 1993, based upon actual innocence and ineffective assistance of counsel; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith and, thereafter, a new determination on those branches of the motion, to be conducted with all convenient speed.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated July 11, 2011, to strike certain material in the appellant's appendix and references to that material in the appellant's brief on the ground that it contains or refers to matter dehors the record. By decision and order on motion of this Court dated December 4, 2012, the motion was held in abeyance and referred to the panel of justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.

DILLON, J.P., LEVENTHAL, AUSTIN and HINDS-RADIX, JJ., concur.