People v Galan (2020 NY Slip Op 01636)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Galan

2020 NY Slip Op 01636

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11485
(Ind. No. 11594/97)

[*1]The People of the State of New York, appellant,
vPedro Galan, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Kathryn E. Mullen, and Sharon Y. Brodt of counsel), for appellant.
Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Evelyn L. Braun, J.), dated July 27, 2018, which granted, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Kenneth Browne, J.) rendered May 29, 1998, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is reversed, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was to vacate the judgment on the ground that he was deprived of the effective assistance of counsel because his attorney affirmatively misadvised him of the deportation consequences of his plea is denied, and the matter is remitted to the Supreme Court, Queens County, for a hearing on that branch of the defendant's motion which was to vacate the judgment on the ground that he was deprived of the effective assistance of counsel because his attorney failed to attempt to negotiate a plea that would not have exposed him to the risk of mandatory deportation and a new determination thereafter of that branch of the motion.
On March 31, 1998, the defendant, a native of the Dominican Republic and a lawful permanent resident of the United States, pleaded guilty to attempted criminal sale of a controlled substance in the third degree. On May 29, 1998, he was sentenced to a five-year period of probation. In June 2010, after the defendant was arrested on an unrelated charge, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against him on the ground that his 1998 conviction was a deportable offense.
On October 5, 2010, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of his right to the effective assistance of counsel under the state and federal constitutions, alleging, inter alia, that his attorney affirmatively misinformed him concerning the deportation consequences of his plea, and that had he been accurately advised, he would have rejected the plea and proceeded to trial. Following a hearing, the Supreme Court granted the defendant's motion. The People appealed, and, on April 9, 2014, this Court reversed the order, denied the defendant's motion, and reinstated the judgment of conviction (see People v Galan, 116 AD3d 787).
Thereafter, the defendant moved a second time pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel, again alleging that his [*2]attorney misadvised him concerning the deportation consequences of his plea. In addition, the defendant alleged that the attorney was ineffective for failing to negotiate a plea that would have preserved the defendant's eligibility for discretionary relief from deportation in immigration court. The Supreme Court granted the defendant's motion without a hearing. The People appeal.
The Supreme Court should have denied that branch of the defendant's motion which was premised on his claim that his attorney affirmatively misadvised him of the deportation consequences of his plea inasmuch as this Court previously determined the issue on the merits in the prior CPL 440.10 proceeding (see CPL 440.10[3][b]; People v Huggins, 130 AD3d 1069). Contrary to the defendant's contention, he failed to show "good cause" warranting reconsideration of the claim (CPL 440.10[3]; cf. People v Hamilton, 115 AD3d 12, 28).
Contrary to the People's contention, the Supreme Court did not improvidently exercise its discretion in considering that branch of the defendant's motion which was premised on his claim that his attorney was ineffective for failing to attempt to negotiate a plea that would not have exposed the defendant to the risk of mandatory deportation. Although the defendant could have raised the issue in support of his prior CPL 440.10 motion (see CPL 440.10[3][c]; People v Graves, 62 AD3d 900, 901; People v Cochrane, 27 AD3d 659, 660), the defendant established "good cause" for his belated assertion of the claim and that it was potentially meritorious (CPL 440.10[3]; see People v Hamilton, 115 AD3d at 28).
The Supreme Court should not have granted, without a hearing, that branch of the defendant's motion which was premised on his claim that his attorney failed to attempt to negotiate such a plea inasmuch as the defendant's allegations in support of it were neither "conceded by the people to be true" nor "conclusively substantiated by unquestionable documentary proof" (CPL 440.30[3][c]; see People v Gaston, 163 AD3d 442, 445). However, contrary to the People's contention, summary denial of that branch of the motion was not warranted either (see CPL 440.30[4]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on the defendant's claim in this regard and a new determination thereafter of that branch of the defendant's motion.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court