People v Perez (2020 NY Slip Op 03825)





People v Perez


2020 NY Slip Op 03825


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

111072

[*1]The People of the State of New York, Respondent,
v
Miguel A. Perez, Appellant.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Nave Law Firm, Albany (Derek S. Andrews of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.P.
Appeal, by permission, from an order of the County Court of Schenectady County (Sypniewski, J.), entered March 18, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted criminal sale of a controlled substance in the third degree, without a hearing.
In July 2000, following a controlled buy of narcotics conducted by a confidential informant at defendant's residence in the City of Schenectady, Schenectady County, defendant was charged by felony complaint with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree. Defendant was initially represented by an assigned attorney from the Public Defender's office, but subsequently retained private counsel. Defendant thereafter waived indictment, agreed to be prosecuted pursuant to a superior court information and, in September 2000, pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree and was sentenced to six months in jail and five years of probation. No direct appeal was thereafter taken from the judgment of conviction.
In 2011, defendant, an immigrant from the Dominican Republic who obtained lawful permanent resident status in this country in 1994, discovered that, as a result of his 2000 felony drug conviction, he was subject to removal from the United States (see 8 USC §§ 1182 [a] [2] [A] [i] [I] [II]; 1227 [a] [2] [A] [iii]; [B] [i]). Defendant thereafter moved to vacate his judgment of conviction pursuant to CPL 440.10, contending that he had been denied the effective assistance of counsel as his attorney failed to, among other things, inform him about the immigration consequences of entering into the subject guilty plea. County Court (Drago, J.) denied the motion without a hearing, finding that, despite the 11 years since defendant's conviction, there was no indication that immigration proceedings had been commenced against him and, given the strength of the People's case, he failed to establish that, even if he had been made aware of the potential immigration consequences of his plea, he would have chosen to exercise his right to trial.
In October 2016, defendant was detained by immigration officials following a trip to the Dominican Republic and, in August 2018, federal removal proceedings were commenced against him based upon his 2000 conviction for attempted criminal sale of a controlled substance in the third degree. In November 2018, defendant again moved to vacate his 2000 felony drug conviction pursuant to CPL 440.10, contending that he was denied the effective assistance of counsel based upon his attorney having given him incorrect advice regarding the potential immigration consequences of his guilty plea and that, but for this substandard legal advice, he would not have accepted said plea. Unlike his 2011 motion, however, defendant's present motion was supported by an affidavit from said attorney, admitting that his representation of defendant was ineffective. The People opposed the motion, which County Court (Sypniewski, J.) denied, without a hearing, determining that defendant's 2011 and 2018 motions relied on the same allegations of ineffective assistance of counsel and, since defendant's attorney revealed in his affidavit that he and defendant had stayed in touch since 2000, defendant was in a position to adequately raise these same issues in his prior motion but failed to do so (see CPL 440.10 [3] [c]). Defendant appeals by permission.
Defendant contends that County Court abused its discretion by denying his motion without a hearing pursuant to CPL 440.10 (3) (c). A court may summarily deny a motion made pursuant to CPL 440.10 "[i]f it appears that there are circumstances authorizing, though not requiring, denial thereof pursuant to [CPL 440.10 (3)]" (CPL 440.30 [2]). In turn, CPL 440.10 (3) (c) provides that "the court may deny a motion to vacate a judgment when[,] . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (see People v Pugh, 288 AD2d 634, 634-635 [2001]). Here, defendant raises the same ineffective assistance of counsel issues that he did in his prior motion, the only difference being that the instant motion contained an affidavit from his attorney who represented him at the time of the plea.
Contrary to the People's contention, defendant's failure to include an affidavit from this attorney on the first CPL article 440 motion did not preclude him from filing the second CPL article 440 motion that did contain such an affidavit (see CPL 440.10 [3] [c]; People v Wright, 27 NY3d 516, 522 [2016]; People v Session, 34 NY2d 254, 256 [1974]). We further note that County Court's denial of defendant's motion was not mandatory as CPL 440.10 (3) provides that "in the interest of justice and for good cause shown [the court] may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment" (see People v Pendergraph, 170 AD3d 1630, 1631 [2019]; People v Reed, 159 AD3d 1551, 1552 [2018]; People v Hamilton, 115 AD3d 12, 28 [2014]).
In that vein, we note the numerous statements made in the supporting affidavit of defendant's former attorney with respect to his representation of defendant in his 2000 criminal matter. The affidavit indicates that, upon being retained by defendant, his sole focus was on negotiating a favorable split sentence that would allow defendant to be released from custody as soon as possible. He admits that, in pursuing a favorable sentence, he did not conduct any investigation of the facts surrounding the underlying criminal offense, initiate any preindictment discovery or otherwise raise what he now identifies are arguably fatal deficiencies in the charges brought against defendant. With respect to defendant's allegation that he was affirmatively misinformed regarding the potential immigration consequences of entering a guilty plea to a class C drug felony, the attorney candidly concedes that, despite being aware of the fact that defendant was only a lawful permanent resident and not a citizen of the United States at the time that defendant entered his September 2000 guilty plea, he specifically advised defendant that his guilty plea would have no effect on his lawful permanent resident status and that he would not be deported from the country. Accordingly, to the extent that the attorney's admissions, if proven, would support a finding of ineffective assistance of counsel (see People v McDonald, 1 NY3d 109, 115 [2003]), coupled with defendant's assertion that, but for his attorney's ineffective assistance, he would not have pleaded guilty, we find that, under the circumstances, County Court should not have denied defendant's motion without conducting a hearing on whether his attorney's performance constituted ineffective assistance of counsel (see People v Galan, 181 AD3d 708, 709-710 [2020]; People v Lee, 172 AD3d 1925, 1926 [2019]; People v Pendergraph, 170 AD3d at 1631-1632; People v Borcyk, 161 AD3d 1529, 1531 [2018]; People v Reed, 159 AD3d at 1552; People v Sanchez, 150 AD3d 589, 690 [2017]; People v Hamilton, 115 AD3d at 28; compare People v Heywood, 138 AD3d 607, 608 [2016], lv denied 28 NY3d 971 [2016]).
Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for a hearing on defendant's CPL article 440 motion.