People v Bellamy (2020 NY Slip Op 06175)





People v Bellamy


2020 NY Slip Op 06175


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

110792

[*1]The People of the State of New York, Respondent,
v
William Bellamy, Appellant.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Theodore J. Stein, Woodstock, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Colangelo, J.
Appeal, by permission, from an order of the County Court of Albany County (Carter, J.), entered July 2, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree.
In 2011, a jury convicted defendant of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree (118 AD3d 1113 [2014], lv denied 25 NY3d 1159 [2015]). County Court (Herrick, J.) sentenced defendant, as a persistent violent felony offender, to a prison term of 20 years to life on the criminal possession of a weapon in the second degree conviction and to lesser concurrent terms on the other convictions. On direct appeal, this Court affirmed (id. at 1117).
In 2016, defendant moved pro se, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction, contending, among other things, that he failed to receive the effective assistance of counsel in violation of both the NY and US Constitutions. Specifically, defendant argued that his assigned counsel was deficient in advising him to reject a plea offer made by the People based upon what counsel believed was likely to be, but proved not to be, a successful pretrial suppression ruling, and, as a result, he was sentenced to a prison term well in excess of the lesser sentence available to him had he accepted the offer. In May 2017, County Court (Carter, J.) denied the motion without a hearing, finding, based upon the trial record and defendant's submissions, that defendant had been provided with meaningful representation.[FN1]
Thereafter, defendant moved a second time to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), again arguing, pro se, that he was denied the effective assistance of counsel when a different assigned counsel, standing in for his assigned counsel, had advised him to reject a second, albeit less favorable, plea offer; he also alleged that counsel had failed to investigate and ascertain, at the time that the second plea offer was made, defendant's status and sentencing exposure as a mandatory persistent violent felony offender. By order dated July 2, 2018, County Court denied defendant's motion without a hearing, finding that denial of the motion was warranted, pursuant to CPL 440.10 (3) (b), because the issue of meaningful representation had been determined on the merits in the court's May 2017 order denying defendant's first motion to vacate. With this Court's permission, defendant appeals from the July 2018 order.
We affirm. "[T]he summary denial of a CPL 440.10 motion [is reviewed] under an abuse of discretion standard" (People v Brown, 33 NY3d 983, 987 [2019]; see People v Wright, 27 NY3d 516, 520 [2016]). Under CPL 440.10 (3) (b), "the court may deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon a prior motion or proceeding in a court of this state,
. . . unless since the time of such determination there has been a retroactively effective change in the law controlling such issue."
County Court, in denying defendant's second motion to vacate the judgment, expressly stated that it had "previously determined that the defendant was afforded effective assistance of counsel" and that defendant had failed to allege any retroactive change in the law governing this issue. Defendant, however, contends that the issues raised in the two respective motions differ because the second motion alleged that counsel was ineffective for failing to ascertain defendant's sentencing status and exposure. We are unpersuaded. The claims raised in both of defendant's motions concern counsels' alleged misadvise to reject the plea offers, and that issue was previously determined on the merits when the court denied defendant's first motion to vacate; thus, the court properly denied the second motion under CPL 440.10 (3) (b) (see People v Loika, 153 AD3d 1516, 1517 [2017]; People v Huggins, 130 AD3d 1069, 1069 [2015], lv denied 26 NY3d 1089 [2015]). Moreover, even if the grounds set forth in both motions were found to be different, the second motion would be properly denied under CPL 440.10 (3) (c) (see People v Perez, 185 AD3d 1156, 1158-1159 [2020]; People v Chaney, 160 AD3d 1281, 1286 [2018], lv denied 31 NY3d 1146 [2018]; People v Pugh, 288 AD2d 634, 635 [2001]).
We also find no merit to defendant's contention that County Court abused its discretion by failing to conduct a hearing on his second motion to vacate. Under CPL 440.30 (2), a court may summarily deny a motion made pursuant to CPL 440.10 "[i]f it appears that there are circumstances authorizing, though not requiring, denial thereof pursuant to [CPL 440.10 (3)]" (see People v Perez, 185 AD3d at 1158). Accordingly, the court was within its discretion in summarily dismissing the second motion based upon CPL 440.10 (3) (b). Furthermore, defendant failed to submit an affidavit or affirmation from counsel addressing whether and why he had advised defendant against accepting the plea offers and whether and when he was aware and advised defendant that he faced potential mandatory persistent violent felony offender sentencing. As such, County Court was well within its discretion in summarily denying defendant's second motion (see CPL 440.30 [1] [a]; People v Wright, 27 NY3d at 522; People v Morales, 58 NY2d 1008, 1009 [1983]; People v Scott, 10 NY2d 380, 381 [1961]).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: There is no record that there was an appeal from this May 2017 order.