People v Dushain (2025 NY Slip Op 07227)

People v Dushain

2025 NY Slip Op 07227

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Ind. No. 8131/97|Appeal No. 5447-5447A|Case No. 2018-2225|

[*1]The People of the State of New York, Respondent,
v
Carl Dushain, Defendant-Appellant.

Feldman & Feldman, Manhasset (Steven A. Feldman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Orders, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about December 21, 2016, and January 9, 2018, which, to the extent appealed from, vacated defendant's conviction of murder in the second degree rendered February 2, 1999, and denied any other relief, and judgment of resentence, same court and Justice, rendered January 8, 2018, resentencing defendant on the remaining convictions to an aggregate term of 75 years to life, unanimously affirmed.
A defendant is entitled to have his judgment of conviction vacated upon a showing of clear and convincing evidence that he is actually innocent (People v Hamilton, 115 AD3d 12, 15 [2d Dept 2014]; see People v Jimenez, 142 AD3d 149, 155 [1st Dept 2016]). Here, defendant failed to make the requisite showing of actual innocence by clear and convincing evidence. At the CPL 440.10 hearing, the defense set forth a plausible theory that the victim could have been struck by a shooter firing at the building based on the forensic evidence. Although the evidence at the hearing cast doubt on the trial evidence concerning the murder, it did not exclude the possibility that the victim was shot by codefendant Green. "Mere doubt as to the defendant's guilt, or a preponderance of conflicting evidence as to the defendant's guilt, is insufficient, since a convicted defendant no longer enjoys the presumption of innocence and in fact is presumed guilty" (Hamilton, 115 AD3d at 27, citing Schlup v Delo, 513 US 298, 326, n 42 [1995]).
The court vacated the murder conviction on the grounds that the People failed to disclose exculpatory or impeaching evidence, and that defense counsel rendered ineffective assistance regarding matters of forensic evidence. In arguing that these errors affected the kidnapping and conspiracy convictions, defendant raises the same arguments rejected by this Court on codefendant's appeal (People v Green, 178 AD3d 603, 604 [1st Dept 2019], lv denied 35 NY3d 970 [2020]), and we find no reason to reach a different result here. As we determined in Green, "[t]o the extent the defects that led the court to vacate the murder conviction cast any doubt on the credibility of the murder witness who was also the victim of the kidnapping, or of any other witness, these defects cast no doubt on their credibility regarding the other crimes at issue. As to the kidnapping, the victim gave credible and extensively corroborated testimony about her own victimization. As to the conspiracy, there was overwhelming independent evidence about defendant's major role in an extensive drug operation. Accordingly, we find no reasonable possibility that the nondisclosure and ineffectiveness defects affected any convictions other than murder (see People v Doshi, 93 NY2d 499, 505 [1999]; People v Baghai-Kermani, 84 NY2d 525, 532 [1994])" (Green, 178 AD3d at 603).
As we also held in Green, defendant is not entitled to dismissal of the murder count or any other count of the indictment (id at 603-604). The indictment was not based entirely on false testimony (compare People v Pelchat, 62 NY2d 97 [1984]), and there was no impairment of the grand jury proceeding warranting dismissal (see CPL 210.35[5]; People v Darby, 75 NY2d 449, 455 [1990]). The kidnapping victim testified in the grand jury that another grand jury witness (who did not testify at trial) witnessed the murder. Although it was later determined that the other grand jury witness could not have been present for the murder, it is not clear whether the kidnapping victim's testimony was intentionally false or honestly mistaken as to the other witness's presence. Given this lack of clarity, it cannot be said that the only grand jury evidence connecting defendant with the murder was testimony later proven to be false or incorrect (see Green, 178 AD3d at 604, citing Pelchat, 62 NY2d at 99). There is also no basis for any corrective action regarding any other counts.
We have considered the arguments on this issue raised by defendant in his pro se brief and find them unavailing, and we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025