People v Rahaman

2026 NY Slip Op 02696

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Cendno Rahaman, Appellant.

Decided and Entered:April 30, 2026

CR-24-2066

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for appellant.

G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

[*1]

Fisher, J.

Appeal, by permission, from an order of the County Court of Saratoga County (James Murphy III, J.), entered November 26, 2024, which denied defendant's motion to, among other things, renew a motion pursuant to CPL 440.10 to vacate the judgment of conviction.

In June 2019, following a jury trial, defendant was convicted of three counts of attempted assault in the first degree, assault in the second degree, attempted murder in the second degree and tampering with physical evidence. County Court sentenced defendant to various concurrent and consecutive prison terms, followed by a period of postrelease supervision. On direct appeal, this Court affirmed defendant's convictions but directed that all sentences run concurrently to each other; the greatest of the concurrent terms being a prison term of 25 years, to be followed by five years of postrelease supervision (189 AD3d 1709, 1714 [3d Dept 2020], lv denied 36 NY3d 1059 [2021]).

Thereafter, defendant unsuccessfully moved three times to vacate his judgment of conviction under CPL article 440 on the basis that his trial counsel was ineffective. At issue here is the denial of his CPL article 440 motion made in June 2024, which raised for the first time that his trial counsel was ineffective for failing to object to the empaneling of an anonymous jury. County Court denied the motion, without a hearing, determining that defendant's ineffective assistance of counsel claim could be summarily denied as a successive CPL article 440 motion because defendant was aware of the underlying facts and could have raised them on direct appeal or in his prior motions, but did not do so (see CPL 440.10 [3] [c]; 440.30 [2] [a]). Defendant appeals by permission.

Defendant contends that County Court erred by summarily denying his CPL 440.10 motion without considering whether it was otherwise meritorious. We find this contention to be persuasive, since a trial court commits reversible error by empaneling an anonymous jury "without any factual predicate for the extraordinary procedure" (People v Flores, 32 NY3d 1087, 1088 [2018]; see People v Heidrich, 226 AD3d 1096, 1099 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; see also CPL 270.15 [1-a], [1-b]; People v Cassell, ___ AD3d ___, ___, 2026 NY Slip Op 02173, *5 [3d Dept 2026]; People v Tenace, 229 AD3d 908, 911 [3d Dept 2024]). Although a trial court may deny a successive CPL article 440 motion when "the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so[,] . . . . in the interest of justice and for good cause shown [the court] may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment" (CPL 440.10 [3] [c]; see People v Rasul, 242 AD3d 1308, 1310 [3d Dept 2025]). Under appropriate circumstances, even where the denial of a claim would constitute a provident exercise of discretion under CPL 440.10 (3) (c), the failure to consider an ineffective assistance of counsel claim on [*2]the merits in the interest of justice could constitute an abuse of discretion (see People v Hamilton, 115 AD3d 12, 28 [2d Dept 2014]; see also People v Fowler, 244 AD3d 1677, 1679 [3d Dept 2025]; People v Perez, 185 AD3d 1156, 1158 [3d Dept 2020]; People v Pett, 148 AD3d 1524, 1524 [4th Dept 2017]).

Here, defendant contends that his trial counsel was ineffective for failing to object when County Court empaneled an anonymous jury. In support of his motion, defendant submitted the affidavit of his trial counsel, who acknowledged that the decision to empanel an anonymous jury "did not sound right" at the time, but that he did not become aware that this was possibly a reversible error until April 2024, when this Court handed down Heidrich. Defendant's trial counsel further stated that he "had not researched the issue before . . . trial" and that the "failure to object was not a result of any strategy on [his] part." Although the People contend that the leading case on the anonymous jury issue existed prior to defendant's trial and had not been expanded upon by Heidrich, the People acknowledge on appeal that "the empaneling of an anonymous jury in violation of CPL 270.15 constitutes a per se denial of a defendant's right to a fair trial that cannot be subjected to harmless error analysis." Indeed, a single error may qualify as ineffective assistance where it "compromise[s] a defendant's right to a fair trial" (People v Watkins, 42 NY3d 635, 640 [2024] [internal quotation marks and citation omitted], cert denied ___ US ___, 145 S Ct 459 [2024]), particularly where, like here, the jurors were only identified by numbers and the record fails to reveal whether their names were ever provided to defense counsel — "which materially heightens the risk of prejudice" (People v Cassell, ___ AD3d at ___, 2026 NY Slip Op 02173, *5; see CPL 270.15; compare People v Flores, 153 AD3d 182, 191-192 [2d Dept 2017], affd 32 NY3d 1087 [2018], with People v Reinfurt, 241 AD3d 1015, 1021 [3d Dept 2025], lv denied 44 NY3d 1067 [2026] and People v Goberdhan, 241 AD3d 992, 999-1000 [3d Dept 2025], lv denied 44 NY3d 1011 [2025]). Accordingly, under the unique circumstances of this particular case and where the legal basis for the motion is undisputed through sworn allegations (see CPL 440.30 [3]), we substitute our discretion for that of the motion court and grant defendant's motion to vacate the judgment of conviction (see People v Mower, 242 AD3d 1377, 1380 [3d Dept 2025]; People v Hamilton, 115 AD3d at 28; see also People v Tenace, 229 AD3d at 912; People v Heidrich, 226 AD3d at 1099). As such, remittal for a new trial is required.

Clark, J.P., Ceresia, Powers and Corcoran, JJ., concur.

ORDERED that the order is reversed, as a matter of discretion in the interest of justice, motion granted, and matter remitted to the County Court of Saratoga County for a new trial.