■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MESSINA, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 26, 1978, convicting defendant on jury verdict of robbery in the first degree (Penal Law, § 160.15), and sentencing him to an indeterminate term of imprisonment of 6⅔ to 20 years, is unanimously affirmed. The only issue we deem necessary to discuss is whether the trial court acted properly in denying, without an evidentiary hearing, the motion to set aside the verdict on the ground of newly discovered evidence. We think that the trial court did act properly. The "newly discovered evidence" was that a friend of defendant, one Brian Anderson, had admitted to a large number of people that it was he, Anderson, and not defendant, who had committed the robbery. This was information concededly known to defendant and to his attorney before the trial. Indeed, the statement is alleged to have been made by Anderson directly to defendant among others. (Defendant did not testify.) Defendant's attorney said that three other named witnesses to this statement would not speak to him about the matter before the trial and, that, therefore, he was unable to call them as witnesses at the trial. After the trial and conviction, those witnesses did give statements which are attached to the motion for a new trial. The trial evidence as to defendant's guilt was persuasive. We note that the affidavits of the three friends of defendant supporting the motion for a new trial and asserting that Anderson had admitted to them before this trial that he had committed this crime were executed three full months after the jury verdict of conviction in this trial but only six days after Anderson was convicted of burglary in the second degree, a class C felony, assault in the second degree and tampering with a witness in connection with an attack upon the sole identifying witness in this case. Defendant himself made this contention to the District Attorney over a month after his conviction, after commencement of Anderson's trial, but before verdict in that trial. But even if we were to accept defendant's story, that story includes the fact that the determination not to accuse Anderson at the trial was a deliberate tactic by defendant agreed upon in advance with Anderson. Thus, defendant after the verdict, in an interview with the District Attorney in the presence of his own attorney, said, "Well, I knew from the beginning, when I was first arrested who did this robbery. It was a guy named Brian Anderson." Speaking of his conversation with Anderson, defendant said, "I told him, I said listen, I says I didn't rat on you because I know how it is to rat on a guy and it's not the right thing to do * * * So I thought that the agreement we made I would go through with the trial and if I didn't get convicted after the trial everything would be

good, but if I got convicted he would come through and stand up and confess, but he didn't do that. He crossed me and I got convicted of it and he didn't come forward and say that he did the robbery * * * I said listen Brian, I held up too long, long enough. What are we going to do about it? He said hang in there, I don't think they have enough to convict you, but if you do get convicted I'll come forward. And I said do I have your word on it. He said I wouldn't let you get this rap, I wouldn't live with myself." It is thus clear that it was defendant's own deliberate tactic to withhold any evidence of Anderson's guilt unless and until he was convicted on trial. A defendant who withholds evidence during the trial is not entitled to a new trial on the basis of the evidence thus withheld. Defendant's case is not improved because his motivation may have been an agreement—a conspiracy really—to shield a robber from the law. The evidence referred to in the postverdict motion was not evidence "discovered since the trial which could not have been produced by the defendant at the trial even with due diligence on his part". (CPL 330.30, subd 3.) "To grant * * * a hearing where the court is able to reach its conclusion on the papers alone would serve no end of justice but would only protract futile litigation". *(People v Crimmins,* 38 NY2d 407, 417.) Concur—Kupferman, J. P., Fein, Sandler, Markewich and Silverman, JJ.