■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO RIVERA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Hickman, J.), rendered May 4, 1979, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant, by oral motion made prior to sentence being pronounced, moved to set aside the jury's verdict of guilt on the basis of newly discovered evidence. According to the defendant's counsel, the defendant claimed that another person had actually committed the crimes of which he had been found guilty. The defendant had known of this individual at the time of trial but misled the court, allegedly because of the obligation he felt toward this other person, a close relative. The County Court held that such was not new evidence and summarily denied the defendant's motion. We agree.

New evidence is (1) evidence which has been discovered since the trial, and (2) evidence which could not have been produced by the defendant at trial, even with due diligence *(see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Wadley,* 108 AD2d 943). The defendant's alleged new evidence was known to him before and during his trial and could easily have been produced by him at his trial. A defendant who withholds evidence during the trial is not entitled to a new trial on the basis of the evidence thus withheld *(People v Messina,* 73 AD2d 899, 900).

Further, a motion based upon new evidence discovered subsequent to trial must be brought pursuant to the provisions of CPL 330.40 (2) (a), which requires such motion to be made in writing, upon reasonable notice to the People *(People v Lopez,* 104 AD2d 904, 905; *People v Heckstall,* 76 AD2d 913). Therefore, the defendant's oral motion to set aside the verdict was properly denied.

In viewing the evidence adduced at trial in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of each of the defendant's crimes beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621). Therefore, the defendant's conviction was proper.

Finally, the defendant's contention that the court's preliminary charge prejudiced him is not preserved for appellate review, as no objection was made to this portion of the charge. In any event, the contention is without merit, in view of the charge as a whole. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.