■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. MOORE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a conviction, after a jury trial, of one count of robbery, second degree, and two counts of grand larceny, third degree, for stealing gold chains from the necks of persons walking in downtown Syracuse, New York. Defendant was identified by two of the victims as one of the robbers. After his conviction, defendant moved to set aside the verdict on the grounds of newly discovered evidence. On the motion, defendant sought to show that his brother, Patrice Moore, and an acquaintance, one O'Dell Hudson, were the perpetrators of the crimes for which defendant stood convicted. At a hearing on the motion, Patrice's attorney indicated that his client would refuse to testify if called to do so. Hudson was called as a witness, but on the advise of counsel invoked his Fifth Amendment privilege.

To be entitled to have a verdict set aside on the grounds of newly discovered evidence, defendant must show that evidence has been discovered "since the trial which could not have been produced by the defendant at the trial even with due diligence on his part" (CPL 330.30 [3]). In an affidavit, Patrice averred that defendant had picked him up in his car as Patrice was fleeing from two of the robbery victims, who were pursuing him on foot. Assuming that the evidence that Patrice Moore was really the robber is true, defendant knew of it at the time of trial and certainly could have obtained the identity of Patrice's alleged accomplice from him prior to trial. Defendant instead chose to perjure himself before the Grand Jury and at trial with his account of picking up in his car someone name "Tony" who was being chased by two men. A defendant who chooses to withhold evidence should not be given a new trial "on the basis of the evidence thus withheld" (People v Messina, 73 AD2d 899, 900; see also, People v Rivera, 118 AD2d 877).

Defendant also argues that he was deprived of a fair trial by the comments made by the prosecutor in his opening statements and in summation. No objection was made to these comments and they are not preserved for review (CPL 470.05

[2]). We would observe that the prosecutor's remarks come perilously close to impropriety sufficient for this court to find error therein in the interests of justice. However, taken within the context of the long and otherwise proper summation, and considering the instructions given by the trial court concerning the responsibility of the jury to evaluate the evidence, we conclude that the effect of the improper remarks was minimal and, that given the strong evidence against defendant, the error committed was harmless *(People v Robinson,* 135 AD2d 586, *lv denied* 71 NY2d 902).

We have considered defendant's other arguments raised on appeal and find no merit to them. (Appeal from judgment of Onondaga County Court, Burke, J.—robbery, second degree, and another charge.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.