■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO FELICIANO, Appellant. [658 NYS2d 307]—Order, Supreme

Court, New York County (Harold Rothwax, J.), entered on or about November 22, 1995, which denied defendant's motion brought pursuant to CPL 440.10 to vacate a judgment of the same court and Justice, rendered October 2, 1981, convicting defendant of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The court properly exercised its discretion in denying, without a hearing, defendant's motion to vacate the judgment made on the basis of alleged newly discovered evidence (*People v Crimmins*, 38 NY2d 407, 416; *People v Rodriguez*, 193 AD2d 363, *lv denied* 81 NY2d 1079; CPL 440.10 [1] [g]). Purported newly discovered evidence of another individual confessing to the murder for which defendant was convicted was discoverable with due diligence. In prior proceedings connected with this case, defendant conceded that he knew of the admissions even before his trial in 1981. Moreover, there is no indication that defendant attempted to obtain the individual's testimony or introduce his admissions as declarations against penal interest. Furthermore, the 1992 statement made by the confessor varied significantly from the actual facts of this 1980 murder. In addition, the confessor's 1992 statements varied significantly from his 1995 sworn confession, which better matched the facts of the murder, making this most recent confession suspect. Moreover, the purported confessor, who pleaded guilty in 1993 on drug charges, was motivated to fabricate his confession in the hopes of obtaining a lenient sentence for his wife, who was also facing criminal prosecution. Even more compelling, the purported confessor had nothing to lose by admitting to the murder since he was already serving 15 years to life for other crimes and was promised, pursuant to a plea bargain, that were he prosecuted for the murder, he would be offered a term of imprisonment of 15 years to life to run concurrent with his other sentence. Under the circumstances, evidence of these confessions would not have probably changed the result of the trial (*see, People v Bridget*, 73 AD2d 291, *lv denied* 50 NY2d 999). Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Andrias, JJ.