THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHEOD KHAN, Appellant. [932 NYS2d 107]—

The defendant's contention that the evidence was legally

insufficient to support his conviction of criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In addition, the defendant's contention that the Supreme Court erred in failing to instruct the jury on the defense of justification with respect to the charge on criminal possession of a weapon in the second degree is unpreserved for appellate review (*see People v Albritton*, 69 AD3d 866 [2010]; *People v Smith*, 54 AD3d 421, 422 [2008]; *People v Herring*, 282 AD2d 546 [2001]) and, in any event, is without merit (*see People v Pons*, 68 NY2d 264, 267 [1986]; *People v Jenkins*, 81 AD3d 662, 663 [2011]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in refusing to disqualify a sworn juror who expressed apprehension after one member of a group of five or six individuals, who were seen inside the courtroom, had approached the juror to talk. Upon questioning, the juror unequivocally stated that she could reach a fair and impartial decision. The Supreme Court properly determined that the juror was not grossly unqualified to serve as a member of the jury (*see* CPL 270.35; *People v Parnell*, 60 AD3d 1087 [2009]; *People v Guzman*, 257 AD2d 630 [1999]; *People v Attanasio*, 191 AD2d 447, 448 [1993]).

Furthermore, the defendant's contention that the Supreme Court improperly considered charges of which he was acquitted as a basis for imposing sentence is without merit (*see People v Morgan*, 27 AD3d 579, 580 [2006]; *People v Robinson*, 250 AD2d 629 [1998]).

The defendant's contention that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is without merit, as there are no exceptional cir-

cumstances present here warranting modification of the challenged sentence, which was within the permissible statutory limit (*see People v Jones*, 39 NY2d 694, 695 [1976]; *People v Cruz*, 54 AD3d 962 [2008]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.