# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1260**
**KA 11-01996**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JESSE ABNER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered September 9, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that he received ineffective assistance of counsel because his attorney failed to challenge the requirement that he register as a sex offender. We reject that contention. At the time of defendant's SORA hearing, any challenge to the registration requirement in the context of a SORA proceeding was foreclosed by our decision in *People v Carabello* (309 AD2d 1227, 1228), where we held, consistent with the other Departments of the Appellate Division, that a challenge to the registration requirement "constitutes a challenge to a determination of an administrative agency" and must therefore be raised in a CPLR article 78 proceeding. We note that defendant does not contend that his attorney was ineffective for failing to commence a CPLR article 78 proceeding on his behalf (*cf. People v Reitano*, 68 AD3d 954, 955, *lv denied* 14 NY3d 708). Approximately nine months after defendant's SORA hearing, the Court of Appeals reversed the First Department's decision in *People v Liden* (79 AD3d 598, *revd* 19 NY3d 271) and thereby abrogated our ruling in *Carabello,* holding that "[a] determination by the Board of Examiners of Sex Offenders that a person who committed an offense in another state must register in New York is reviewable in a proceeding to determine the offender's risk level" (19 NY3d at 273). In our view, defense counsel cannot be deemed ineffective for merely failing to anticipate the change in the law brought about by *Liden* (*see generally People v Schrock*, 99 AD3d 1196, 1196; *Matter of State*

*of New York v Campany*, 77 AD3d 92, 99, *lv denied* 15 NY3d 713).

We also reject defendant's contention that County Court failed to make adequate findings of fact supporting its determination that defendant is a level three risk. The court's " 'oral findings are supported by the record and sufficiently detailed to permit intelligent review; thus, remittal is not required despite defendant's accurate assertion regarding the court's failure to render an order setting forth the findings of fact . . . upon which its determination is based' " (*People v Gosek*, 98 AD3d 1309, 1310).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  December 21, 2012                    Frances E. Cafarell
                                              Clerk of the Court