Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered March 2, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count two of the indictment.
Memorandum: Following a jury trial in 2007, defendant was convicted of assault in the second degree (Penal Law § 120.05 [2]). On appeal, we reduced the period of postrelease supervision to a period of three years, and otherwise affirmed the judgment (People v Brown, 52 AD3d 1237 [2008], lv denied 10 NY3d 956 [2008]). In 2013, defendant moved for a writ of error coram nobis in this Court, asserting that he was denied effective assistance of appellate counsel because counsel had failed to raise an issue on direct appeal that would have resulted in reversal, i.e., that County Court’s deference to the decision of defendant to forego a jury charge for a lesser included offense denied him the expert judgment of counsel, to which the Sixth Amendment entitles him. We granted the writ, vacated our prior order, and decided to consider the appeal de novo (People v Brown, 105 AD3d 1466 [2013]). We now reverse the judgment and grant a new trial on count two of the indictment (see People v Colville, 20 NY3d 20, 33 [2012]).
In Colville (20 NY3d at 23), the Court of Appeals held that “the decision whether to seek a jury charge on lesser-included offenses is a matter of strategy and tactics which ultimately *1537 rests with defense counsel.” In that case, the trial court agreed with defense counsel that a reasonable view of the evidence supported his request to submit two lesser included offenses to the jury (id,.). Nevertheless, “contrary to defense counsel’s request and repeated statements that, in his professional judgment, the lesser-included offenses should be given to the jury, the judge did not do so because defendant objected” (id.). The jury convicted the defendant of murder, and the Court of Appeals reversed and ordered a new trial, concluding that, “[b]y deferring to defendant, the judge denied him the expert judgment of counsel to which the Sixth Amendment entitles him” (id. at 32).
Here, defense counsel requested that the court charge the jury with respect to the lesser included offense of assault in the third degree (Penal Law § 120.00 [1]), and the court agreed. The court then advised defendant that his conviction of a lesser included offense would “automatically” result in a probation violation with respect to unrelated charges then pending, whereupon defendant told the court that he did not want the lesser included offense to be submitted to the jury. Defense counsel requested an opportunity to confer further with defendant and, after a recess, defendant reiterated his position to the court. Defense counsel told the court that defendant’s position was “against [the] strong . . . advice” of counsel, and that he and his co-counsel “strongly resisted [defendant’s] decision,” which defendant was “making on his own, certainly against our advice.” Upon questioning by the court, defendant confirmed that the decision to forego a charge for a lesser included offense was his own and against the advice of his attorneys, and the court indicated that it would submit only the offenses charged in the indictment. Defense counsel reiterated his opinion that defendant’s decision was “the wrong decision.” The court did not submit the lesser included offense to the jury in accordance with defendant’s decision, and defendant was convicted of assault in the second degree (§ 120.05 [2]).
We conclude that the court erred in deferring to defendant in determining whether to submit the lesser included offense to the jury inasmuch as that decision “was for the attorney, not the accused, to make” (Colville, 20 NY3d at 32; see People v Taylor, 2 AD3d 1306, 1308 [2003], lv denied 2 NY3d 746 [2004]). We agree with defendant that, contrary to the People’s contention, defense counsel “never ‘acceded’ or ‘acquiesc[ed]’ to defendant’s decision . . . except to the extent the judge impermissibly left [them] no alternative” (Colville, 20 NY3d at 32). Moreover, we agree with defendant that the court’s error in *1538 deferring to his decision relative to the charge for a lesser included offense cannot be deemed harmless beyond a reasonable doubt (see id. at 32-33). As did the court when it initially granted defense counsel’s request for the charge for a lesser included offense, we conclude that there is a reasonable view of the evidence to support a finding that defendant committed the crime of assault in the third degree (Penal Law § 120.00 [1]), but not assault in the second degree (§ 120.05 [2]; see CPL 300.50 [2]; Colville, 20 NY3d at 32-33). Specifically, a jury reasonably could find that defendant intended to cause physical injury to the victim and that he caused physical injury to the victim, but that he did not do so “by means of . . .a dangerous instrument” (§ 120.05 [2]). Although the indictment alleged that defendant attacked the victim with a “box cutter,” the victim never observed a box cutter or any other dangerous instrument in defendant’s hands, and he did not know what caused the lacerations on his neck and chest. An employee who witnessed the altercation testified that he never saw a razor, a box cutter, or any other weapon during the fight, and no such weapon was recovered from the crime scene. Further, defendant was apprehended while fleeing from the scene, and no weapons were found on defendant, in or near defendant’s vehicle, or in the possession of the other occupants of his vehicle. In view of those facts, the court should have given a charge for the lesser included offense of assault in the third degree, as requested by defense counsel.
Present—Scudder, P.J., Peradotto, Carni, Lindley and Valentino, JJ.