■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL MACON, Appellant. [11 NYS3d 134]—Order, Supreme

Court, Bronx County (Dominic R. Massaro, J.), entered November 1, 2011, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered June 12, 2002, unanimously affirmed.

The motion court properly found that the claimed new evidence did not create a probability that, if introduced at trial, the verdict would have been more favorable to defendant (*see* CPL 440.10 [1] [g]). The court conducted a thorough hearing, which included, among other things, the testimony of defendant and his allegedly exculpatory witness, and the record supports the court's denial of the motion (33 Misc 3d 1216[A], 2011 NY Slip Op 51945[U] [Sup Ct, Bronx County 2011]). The court had the unique opportunity to see and hear the witnesses (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and there is no basis for disturbing its credibility determinations. We have reviewed the photographic and videotape evidence introduced at the hearing and find it equivocal and insufficient to warrant a new trial. Furthermore, as the motion court found, the record does not satisfactorily explain why defendant's witness, who has a personal connection to defendant, did not come forward sooner.

To the extent defendant is claiming that he is actually innocent, that claim is without merit because it is based on the same evidence that the court properly discredited. Thus, we find it unnecessary to address any issues relating to the procedural requirements for an actual innocence claim. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.