The People of the State of New York, Appellant, v Johnny Hincapie, Respondent. [38 NYS3d 137]—

Order, Supreme Court, New York County (Eduardo Padró, J.), entered on or about October 6, 2015, which granted defendant's CPL 440.10 motion to vacate a judgment conviction of conviction rendered January 3, 1992, and ordered a new trial, unanimously affirmed.

The court properly exercised its discretion in granting defendant's motion to vacate his conviction based on newly discovered evidence. Even if, as the People argue, defendant failed to satisfy the requirement of due diligence as to two of the three witnesses he called to testify on his behalf at his CPL 440.10 hearing (*see People v Feliciano*, 240 AD2d 256 [1st Dept 1997], *lv denied* 90 NY2d 1011 [1997]), due diligence as to the remaining witness is undisputed, and the court properly granted defendant's motion based on its finding that her testimony was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). There is no basis for disturbing the credibility determinations, made by the court after having "the unique opportunity to see and hear the witnesses" (*People v Macon*, 129 AD3d 484, 485 [1st Dept 2015], *lv denied* 26 NY3d 1041 [2015]). Contrary to the People's argument, the court appears to have understood

that defendant's hearing testimony did not constitute newly discovered evidence; alternatively, insofar as the court improperly considered that testimony to have militated in favor of vacating the judgment pursuant to CPL 440.10 (1) (g), we find that any such error was harmless. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.