◼ The People of the State of New York, Respondent, v Christopher Foster, Appellant. [38 NYS3d 910]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered November 13, 2015, convicting him of manslaughter in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of October 11, 2011, the defendant's one-month-old son was found unresponsive, and shortly thereafter, was pronounced dead at the hospital. Two years later, the defendant was charged with murder in the second degree, manslaughter in the first degree, and endangering the welfare of a child. After a trial, at which the child's mother testified for the prosecution and offered circumstantial evidence of the defendant's guilt, the defendant was acquitted of murder in the second degree but was convicted of manslaughter in the first degree and endangering the welfare of a child.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree and endangering the welfare of a child. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Curran, 139 AD3d 1085 [2016]).

The defendant failed to preserve for appellate review his contention that he was deprived of his constitutional right to confront witnesses against him and thereby to present a defense in reference to a prior Family Court finding (see People v Gomez, 135 AD3d 954 [2016]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

The defendant's contention that the Supreme Court erred in

limiting his questioning of the mother regarding her assertion of the Fifth Amendment privilege is without merit.

The defendant's remaining contention is without merit. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.