# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1188**
**KA 15-00108**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIE HENLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIE HENLEY, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 2, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). In March 2013, defendant stabbed his mother's boyfriend several times with a knife, causing injuries that included a potentially fatal laceration to his heart. The police were dispatched to the home of defendant's grandmother, where the stabbing had occurred, and an officer found defendant hiding in the basement. A show-up identification was conducted, and the victim positively identified defendant as the man who had stabbed him. Defendant was transported to the police station and placed in an interview room. Another officer entered the room, at which time defendant made a spontaneous statement, i.e., that "a guy ran in, stabbed him and ran out." Defendant refused to give a written statement to the police. At trial, the victim testified that defendant had stabbed him twice, said "I am tired of you and my mother talking about me at night," and then continued stabbing him. Defendant testified that he had acted in self-defense, stabbing the victim only after the victim had attacked him with a barbecue fork. Both defendant and the victim gave sharply differing accounts of the fight, to which there were no other witnesses. Nonetheless, viewing the evidence in light of the elements of the crime as charged to the jury (see *People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (see generally *People v Bleakley*, 69 NY2d 490, 495). The

jury was entitled to resolve issues of credibility in favor of the People, and we see no reason to disturb the jury's resolution of such issues (*see People v Stevens*, 109 AD3d 1204, 1205, *lv denied* 23 NY3d 1043).

Defendant failed to preserve for our review his contention that several instances of prosecutorial misconduct deprived him of a fair trial (*see generally People v Johnson*, 133 AD3d 1309, 1311, *lv denied* 27 NY3d 1000). In any event, that contention lacks merit. In particular, we conclude that defendant opened the door to the People's evidence of his silence by eliciting extensive testimony from the People's witnesses with respect thereto, and arguing in effect that his silence was more consistent with his innocence than his guilt (*see People v Brown*, 135 AD3d 495, 496, *lv denied* 27 NY3d 993; *People v McCall*, 75 AD3d 999, 1001, *lv denied* 15 NY3d 894; *see also People v Nunez*, 253 AD2d 685, 686, *lv denied* 92 NY2d 984; *see generally People v Pavone*, 26 NY3d 629, 640-641; *People v Williams*, 25 NY3d 185, 190-191). In addition, we conclude that the prosecutor's remarks with respect to the relative amounts of blood on the clothing of defendant and the victim were fair comment on the evidence (*see People v Rivera*, 133 AD3d 1255, 1256, *lv denied* 27 NY3d 1154).

We reject defendant's further contention that he was denied effective assistance of counsel. It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152; *see People v Faison*, 113 AD3d 1135, 1136, *lv denied* 23 NY3d 1036). With respect to the alleged instances of prosecutorial misconduct, inasmuch as they did not deprive defendant of a fair trial, defense counsel was not ineffective for failing to object thereto (*see People v Lewis*, 140 AD3d 1593, 1595). Furthermore, counsel was not ineffective for failing to request a lesser included charge of assault in the second degree, based on recklessness (Penal Law § 120.05 [4]). In light of defendant's testimony that he intentionally stabbed the victim in self-defense, there was no reasonable view of the evidence that would support a finding that defendant acted recklessly in stabbing the victim (*see People v Horn*, 152 AD2d 925, 925, *lv denied* 74 NY2d 897), and thus an application to charge the jury with reckless assault as a lesser included offense would have had " 'little or no chance of success' " (*Caban*, 5 NY3d at 152).

We agree with defendant that he was denied his right to counsel when County Court permitted him to decide, himself, whether to request the lesser included charge. "It is well established that a defendant, 'having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case' such as 'whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal' " (*People v Colon*, 90 NY2d 824, 825-826; *see People v McKenzie*, 142 AD3d 1279, 1280). On the other hand, defense counsel has ultimate decision making authority over matters of strategy and trial tactics, such as whether to seek a jury charge on a lesser included offense (*see People v Colville*, 20 NY3d 20, 23; *People v Gottsche*, 118 AD3d 1303, 1303, *lv denied* 24 NY3d 1084). Here, the

court "made plain that [it] would be guided solely by defendant's choice in the matter, despite the defense attorney's clearly stated views and advice to the contrary," and thus the court "denied [defendant] the expert judgment of counsel to which the Sixth Amendment entitles him" (*Colville*, 20 NY3d at 32).  We nonetheless conclude that the error is harmless in light of the testimony of defendant that he intentionally stabbed the victim (*see People v Butler*, 140 AD3d 472, 473).

In his pro se supplemental brief, defendant contends that the court erred in permitting the prosecutor to exercise a peremptory challenge to exclude a prospective juror based on race.  We reject that contention "inasmuch as the prosecutor clearly provided a race-neutral basis for the challenge" (*People v Morris*, 138 AD3d 1408, 1409, *lv denied* 27 NY3d 1136), i.e., a police officer wrongfully had accused the prospective juror of an assault in the past, and she was tried on that charge, which ultimately was dismissed.

Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court