# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

407

KA 15-00129

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V           MEMORANDUM AND ORDER

JAMES D. MINCKLER, DEFENDANT-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. HAVILAND OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Oswego County Court (James M. Metcalf, A.J.), rendered March 7, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted, and the matter is remitted to Oswego County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]). The conviction arises from the victims' report that they returned to their home one night and saw a pickup truck backed into their driveway, defendant standing on the back deck of the home, and another individual exiting the home. At trial, the victims testified that they did not see defendant in the house and that nothing was stolen.

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to make a sufficiently specific motion for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The jury was entitled to resolve issues of credibility in favor of the People, and we see no reason to disturb the jury's resolution of such issues (*see People v Henley*, 145 AD3d 1578, 1579).

We agree with defendant, however, that he was denied his right to counsel when County Court permitted him, rather than defense counsel,

to decide whether to request a jury charge on a lesser included offense. "It is well established that a defendant, 'having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case' such as 'whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal' " (*People v Colon*, 90 NY2d 824, 825-826; *see Henley*, 145 AD3d at 1580; *People v McKenzie*, 142 AD3d 1279, 1280). "[D]efense counsel has ultimate decision-making authority over matters of strategy and trial tactics, such as whether to seek a jury charge on a lesser included offense" (*Henley*, 145 AD3d at 1580; *see People v Colville*, 20 NY3d 20, 23). Here, defense counsel requested a charge on the lesser included offense of criminal trespass. After defendant stated that he did not want such a charge, the court noted that defendant's consent was not required. Nevertheless, defense counsel stated that he was not requesting the charge based on defendant's decision not to follow his advice. Although defense counsel unequivocally and repeatedly stated that the charge was in defendant's best interest, and indicated that defendant was declining the charge against defense counsel's advice, the court abided defendant's choice and thus "denied [defendant] the expert judgment of counsel to which the Sixth Amendment entitles him" (*Colville*, 20 NY3d at 32; *see People v Brown*, 117 AD3d 1536, 1536-1537). Moreover, the error is not harmless beyond a reasonable doubt (*see Colville*, 20 NY3d at 32-33). Viewing the evidence in the light most favorable to defendant (*see People v Martin*, 59 NY2d 704, 705), there is a reasonable view of the evidence to support a finding that defendant was guilty of criminal trespass, and not burglary in the second degree (*see id.*). We therefore reverse the judgment and grant defendant a new trial on the indictment (*see generally Colville*, 20 NY3d at 32-33; *Brown*, 117 AD3d at 1537-1538).

We further agree with defendant that the court erred in failing to order an examination pursuant to CPL article 730 to determine defendant's competency. Throughout the proceedings, including during jury selection, trial, and various hearings and conferences, defendant made numerous interjections and inappropriate outbursts pertaining to, among other things, a preoccupation with his codefendant's case, his belief that the government was infecting prisoners with MRSA and other diseases, his belief that his life was in danger from "rainbow hunters," a preoccupation with radiation leaking from a nearby power plant, and his belief that he was Santa Claus. Although a defendant is presumed to be competent (*see People v Tortorici*, 92 NY2d 757, 765, *cert denied* 528 US 834), whenever a court has a " 'reasonable ground for believing that a defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, it is the duty of the court to direct him to be examined in these respects' " (*id.*). Here, in light of the nature and frequency of defendant's outbursts, and the People's expressed concern about defendant's competency prior to trial, we conclude that the court abused its discretion in failing to insure that defendant was competent to stand trial (*see People v Moore*, 101 AD3d 1780, 1781; *People v Galea*, 54 AD3d 686, 687, *lv denied* 11 NY3d 854; *see generally Tortorici*, 92 NY2d at 765). We

therefore remit the matter to County Court to direct that, prior to a new trial on the indictment, defendant be examined pursuant to CPL article 730 to determine whether he is presently competent to stand trial.

In light of our determination, we do not address defendant's remaining contentions.