■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MAXWELL, Appellant. [59 NYS3d 71]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Dowling, J.), dated March 31, 2014, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 18, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

Contrary to the defendant's contention, the judgment of conviction should not be vacated on the basis that the defendant proved that he was actually innocent. A freestanding claim of actual innocence is cognizable in New York, and a defendant who establishes his or her actual innocence by clear and convincing evidence is entitled to relief under CPL 440.10 (1) (h) (*see People v Tiger*, 149 AD3d 86 [2017]; *People v Hamilton*, 115 AD3d 12, 15 [2014]). " '[A]ctual innocence' means factual

innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial' " (*People v Griffin*, 120 AD3d 1257, 1257 [2014], quoting *People v Hamilton*, 115 AD3d at 23). "Mere doubt as to the defendant's guilt, or a preponderance of conflicting evidence as to the defendant's guilt, is insufficient, since a convicted defendant no longer enjoys the presumption of innocence, and in fact is presumed to be guilty" (*People v Hamilton*, 115 AD3d at 27). Here, at the hearing, the defendant failed to establish by clear and convincing evidence that he did not fire the bullet that struck and killed the victim. Accordingly, the Supreme Court properly held that the defendant's conviction should not be vacated pursuant to CPL 440.10 (1) (h) based on actual innocence.

Furthermore, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment of conviction on the ground that the prosecution committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]), by allegedly failing to disclose certain DVDs of security camera footage. The evidence elicited at the hearing established that the prosecution provided the defendant with, or permitted him to review prior to trial, copies of eight DVDs, and the defendant failed to demonstrate that the prosecution was ever in possession of any additional DVDs of security camera footage (*see People v Broxton*, 34 AD3d 491, 492 [2006]).

The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's trial counsel provided the defendant with meaningful representation by, inter alia, conducting an adequate investigation into the circumstances of the shooting, engaging in meaningful cross-examination of the People's witnesses, and pursuing a reasonable trial strategy. Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel when, based on the defendant's request, his trial counsel pursued a misidentification defense and did not pursue a justification defense or request that justification be charged to the jury (*see People v Clark*, 129 AD3d 1, 11 [2015], *affd* 28 NY3d 556 [2016]). The evidence, viewed objectively, demonstrates that the misidentification defense was at least as strong as the justification defense, and that it constituted a strategy that might well have been pursued by a reasonably competent attorney. Additionally, the defense of justification could not have resulted in an acquittal of all charges, which was the defendant's ultimate goal, because the defendant was also charged with two counts of criminal

possession of a weapon, and justification on the basis of self-defense would provide no defense to those charges (*see People v Pons*, 68 NY2d 264, 265 [1986]; *People v Dockery*, 107 AD3d 913, 913 [2013]; *People v Khan*, 89 AD3d 750, 751 [2011]).

Moreover, although it is now settled that, based upon the decision in *People v Colville* (20 NY3d 20 [2012]), the decision whether to seek a jury charge on lesser-included offenses ultimately rests with defense counsel (*see People v Henley*, 145 AD3d 1578, 1580 [2016]; *People v Gangaram*, 132 AD3d 776, 777 [2015]; *People v Lowery*, 127 AD3d 1109, 1110 [2015]; *People v Brown*, 117 AD3d 1536, 1536-1537 [2014]), *Colville* was decided more than five years after the conclusion of the defendant's trial, and counsel cannot be found ineffective for failing to anticipate changes in the law (*see People v Clark*, 129 AD3d at 14; *People v Lewis*, 102 AD3d 505, 506 [2013], *affd* 23 NY3d 179 [2014]; *People v Abner*, 101 AD3d 1628, 1629 [2012]; *People v Sanchez*, 76 AD3d 122, 130 [2010]; *People v Brisson*, 68 AD3d 1544, 1547 [2009]).

The defendant's remaining contentions regarding ineffective assistance of counsel, including those raised in his pro se supplemental brief, are without merit. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment of conviction on the ground that his trial counsel was ineffective.

The defendant's remaining contention raised in his pro se supplemental brief is without merit. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.