People v Foster (2018 NY Slip Op 00435)





People v Foster


2018 NY Slip Op 00435


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-11866
 (Ind. No. 2328-13)

[*1]The People of the State of New York, respondent,
v
Christopher Foster, appellant.


Feldman and Feldman, Uniondale, NY (Steven A. Feldman and Arza Feldamn of counsel), for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated October 7, 2016, which, after a hearing, denied his motion pursuant to CPL 440.10(1)(g) to vacate a judgment of that court rendered November 13, 2015, convicting him of manslaughter in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted of manslaughter in the first degree and endangering the welfare of a child in connection with the death of his one-month-old son. The judgment of conviction was affirmed by this Court (see People v Foster, 143 AD3d 736). The defendant moved to vacate the judgment of conviction pursuant to CPL 440.10(1)(g) based on newly discovered evidence, which consisted of an individual's statement that she heard the victim's maternal grandmother implicate the victim's mother in the subject crimes. After a hearing at which this individual testified and at which the defendant did not call the maternal grandmother to testify, the Supreme Court denied the defendant's motion. The court properly found that the defendant failed to meet his burden of establishing that the newly discovered evidence was of such a character as to create a probability that, had it been received at trial, the verdict would have been more favorable to the defendant (see CPL 440.10[1][g]; People v Mazyck, 118 AD3d 728; People v Cain, 96 AD3d 1072).
Accordingly, the defendant's motion to vacate the judgment of conviction was properly denied.
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court