People v Fraser (2018 NY Slip Op 06558)





People v Fraser


2018 NY Slip Op 06558


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-01397
 (Ind. No. 180/12)

[*1]The People of the State of New York, respondent,
v
Reginald Fraser, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated January 20, 2017, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the County Court, Suffolk County (Iliou, J.) rendered October 2, 2013, convicting him of criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted of criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the first degree (two counts) arising from his involvement in cocaine transactions with an undercover officer in June and July of 2010, which were arranged by a confidential informant. On appeal, the judgment of conviction was affirmed (see People v Fraser, 134 AD3d 734).
In 2016, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. In his moving papers, the defendant submitted an affidavit from the confidential informant who had arranged the drug transactions. The confidential informant averred that he had exerted pressure on the defendant to sell the cocaine on the confidential informant's behalf by threatening the defendant. After a hearing at which the confidential informant testified, the Supreme Court denied the motion.
CPL 440.10(1)(g) provides, in pertinent part, that a court may vacate a defendant's judgment of conviction upon the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant." The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion (see CPL 440.30[6]; People v Cain, 96 AD3d 1072, 1073; People v Tankleff, 49 AD3d 160, 179-180), and the court must make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial (see People v Cain, 96 AD3d at 1073; People v Tankleff, 49 AD3d at 178-181).
We agree with the Supreme Court's determination that the defendant failed to meet [*2]his burden. The defendant failed to show that the proffered evidence was discovered after the entry of judgment on his conviction (see CPL 440.10[1][g]; People v Cain, 96 AD3d at 1073). Rather, the alleged facts to which the confidential informant testified were known to the defendant at the time of his trial (see People v Cain, 96 AD3d at 1073). In any event, considering the cumulative effect of the testimony of the confidential informant, there is no probability that if such evidence had been received at the trial the verdict would have been more favorable to the defendant (see CPL 440.10[1][g]; People v Foster, 157 AD3d 901; People v Cain, 96 AD3d at 1073-1074). The record supports the court's determination that the testimony of the confidential informant at the hearing on the defendant's CPL 440.10 motion that he had pressured the defendant to sell cocaine on the confidential informant's behalf was unreliable. Moreover, due to the vagueness of the testimony as to the actual threats made to the defendant, that testimony failed to establish that the defendant committed the drug sales because "he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him . . . , which force or threatened force a person of reasonable firmness in his situation would have been unable to resist" (Penal Law § 40.00[1]).
Moreover, contrary to the defendant's contention, vacatur of the judgment of conviction was not warranted on the basis of actual innocence. A freestanding claim of actual innocence, asserted by a defendant who has been convicted upon a jury verdict, is cognizable in New York, and such a defendant, who establishes his or her actual innocence by clear and convincing evidence, is entitled to relief under CPL 440.10(1)(h) (see People v Maxwell, 152 AD3d 622, 622-623; People v Hamilton, 115 AD3d 12, 15; cf. People v Tiger, ___NY3d___, 2018 NY Slip Op 04377 [2018]). Actual innocence "means factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial" (People v Hamilton, 115 AD3d at 23 [citations omitted]). "Mere doubt as to the defendant's guilt, or a preponderance of conflicting evidence as to the defendant's guilt, is insufficient, since a convicted defendant no longer enjoys the presumption of innocence, and in fact is presumed to be guilty" (id. at 27). Here, at the hearing, the defendant failed to demonstrate factual innocence by clear and convincing evidence (see People v Maxwell, 152 AD3d at 623).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court